T.C. Summary Opinion 2008-17


UNITED STATES TAX COURT


THOMAS PATRICK AND CHRISTINE E. DAWSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20323-06S.          Filed February 20, 2008.


Thomas Patrick and Christine E. Dawson, pro sese.

<u>Harry J. Negro</u>, for respondent.


RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year in issue.

Respondent determined a $4,190 deficiency in petitioners' Federal income tax for 2004 and an $838 accuracy-related penalty under section 6662 due to negligence.

The issues for decision are whether petitioners are entitled to net their gambling losses against their gambling winnings in computing adjusted gross income and whether they are liable for a section 6662(a) accuracy-related penalty due to negligence.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. Petitioners resided in Williamstown, New Jersey, at the time they filed their petition.

During 2004, petitioner Thomas Dawson was employed full time as a building inspector, and petitioner Christine Dawson was employed full time as a registered nurse.

During 2004, petitioners gambled at casinos in Atlantic City, New Jersey. Most of petitioners' gambling consisted of playing $5- or $10-pull slot machines. Neither petitioner was a professional gambler. Their combined jackpots received from Atlantic City casinos in 2004 totaled $208,420; however, their combined gambling losses for 2004 exceeded the $208,420 jackpots that they won. In other words, petitioners' gambling activities during 2004 resulted in a net loss.

On their 2004 Federal income tax return, petitioners reported adjusted gross income of $145,694 which did not include any of the jackpots. Petitioners did not claim deductions on their 2004 return for any of their gambling losses. Petitioners did not report their gambling jackpots and losses because their gambling activities failed to produce net winnings in 2004.

After examining petitioners' 2004 return, respondent determined that petitioners' casino jackpots were gambling winnings and increased petitioners' adjusted gross income by $208,420. Respondent also determined that petitioners were entitled to itemized deductions for gambling losses of $208,420.

While respondent allowed itemized deductions for gambling losses in the same amount that he increased petitioners' adjusted gross income, the increase in adjusted gross income triggered certain limitations on other deductions. As a result, respondent disallowed a $490 tuition deduction, disallowed job-related and miscellaneous expenses of $4,178, decreased total itemized deductions by $6,267, and disallowed a $6,200 deduction for personal exemptions. These adjustments, based on respondent's adjustment to petitioners' adjusted gross income, are computational adjustments required by law.

In their petition, petitioners claim that it makes no sense to increase their adjusted gross income because their gambling

activities produced a net loss for 2004.  Petitioners are contesting only the propriety of increasing their adjusted gross income.  They have not contested the accuracy of the computational adjustments that flow from increasing their adjusted gross income.

## Discussion

Gross income includes all income from whatever source derived, including gambling income.  See sec. 61; Jackson v. Commissioner, T.C. Memo. 2007-373.  The jackpots that petitioners received constitute gambling income.  A taxpayer in the trade or business of gambling may deduct wagering losses to the extent allowable in computing adjusted gross income.  A taxpayer who was not in the trade or business of gambling may deduct wagering losses only to the extent allowable as an itemized deduction to compute taxable income.  See Calvao v. Commissioner, T.C. Memo. 2007-57.  Petitioners were not professional gamblers and were not in the trade or business of gambling.  Therefore, their gambling losses were not deductible in arriving at adjusted gross income, and respondent's determination to increase petitioners' adjusted gross income by the amount of jackpots received in 2004 was correct.  Since that resolves the only issue petitioners raised regarding the tax deficiency, respondent's deficiency determination of $4,190 is sustained.

With regard to respondent's determination that petitioners are liable for the accuracy-related penalty under section 6662(a) due to negligence, petitioners argue that when they prepared their 2004 return, they concluded that since their gambling activity produced a net loss, they had no gambling income to report. Petitioner Thomas Dawson testified that this was the way petitioners had filed returns in prior years and that he was not aware of the previously stated rules that precluded the netting of gambling winnings and losses in determining adjusted gross income. He explained that he used simple logic in determining that petitioners' gambling activity did not produce income.

Section 6662(c) defines negligence as "any failure to make a reasonable attempt to comply with the provisions" of the Code. After hearing the testimony presented, we conclude that petitioners made an honest attempt to comply with their reporting requirements. Petitioners do not purport to be tax experts and when preparing their returns concluded that they did not have to report gambling income because their nonbusiness gambling activity resulted in a net loss. While their conclusion was incorrect, we do not think that their error negates the reasonableness of their attempt to comply with their reporting

requirements.  We hold that petitioners are not liable for the section 6662 penalty due to negligence.

<u>Decision will be entered for respondent as to the deficiency and for petitioners as to the accuracy-related penalty</u>.